RECEIVED

NOV 2 7 2024

U.S. DISTRICT COURT
BRIDGEPORT, CT

NOV 27 2024 AM 11:15
FILED M USDC - BPT - CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
-------------------------------------x
NAH-FEE HINTON, DARIO GEORGE,
KEYENN RODGERS, MARNELL JOHNSON,
DARTRE BOOKER, RASHEED MINGUES,
JUAN LASANTA, JONATHAN KING,
GARY DAVIS, DOMINIQUE BUTLER,
IBN ROSS, ARMSTRONG TIMOTHY,
DESHAWN BAUGH, JOSE MATOS,
DERICK COULANGES, RICKEY LYNCH,
TYROME BREHON, TAKEEM MONSALAVATGE,
MICHAEL MORRIS, ~~CHARLES CHILLS~~, Kenneth Burghuett
PRITKUMAR PATEL, ANDREW McLEOD,
BRIAN LOCKETT, CHRISTOPHER KEESER,
JAQUON BENEJAN, GARRETT MARTIN,
Da'JAHN HOWARD, and SHELDON BERRY,
and all other similarly situated
plaintiffs,

           -against-


WARDEN PUZIO, ROBERT GREENE JR.,
indivdually and in their official
capacities,

                Defendants.


----------------------------------x

Civil Action No. _____


AMENDED   COMPLAINT


JURY TRIAL DEMANDED


United States District Court
District of Connecticut
FILED AT BRIDGEPORT
December 5, 2024
Dinah Milton Kinney, Clerk
By: _____
Deputy Clerk


I. JURISDICTION & VENUE


    1. This is a Federal Tort Claim Act ("FTCA"). The court has

jurisdiction under 28 U.S.C. Section 1346, 2671-2680. Plaintiff's

seeks Negligence claim for relief, under ("FTCA") to recocer damages

on behalf of all plaintiff's for negligence.

    2. The District of Connecticut is an appropriate venue under

28 U.S.C. Section 1391 (b)(2) because it where the events giving rise

to this claim occurred.

                          -1-

3. Plaintiff's seeks to join/add an additional seven (7) plaintiff's to this action Pursuant Rule 15 of the Federal Rules of Civil Procedure respectfully. The additional parties to this action are: Jaquon Benejan, Garret Martin, Da'Jahn Howard, Sheldon Berry, Andrew McLeod, Brian Lockett, and Christopher Keeser as additional plaintiff's to this proceeding.

## II. PLAINTIFF'S

4. Plaintiff's is and was at all times mentioned herein, a prisoner of the State of Connecticut in custody of FCI Danbury Connecticut.

## III. DEFENDANTS

5. Defendants Darek Puzio is the Acting Warden of FCI Danbury Connecticut. He is legally responsible for the operation of FCI Danbury Prison and for the welfare of all the inmates of that prison.

6. Defendant Robert Greene Jr., is the "main" doctor at FCI Danbury who co-signs and makes decision for all inamtes well being, and reports, including medical reports to all staffs members regarding inmates issues at all times mentioned in this complaint, and was assigned to FCI Danbury Connecticut Prison, by BOP's officials.

7. Each defendants is sued indivdually. At all times mentioned in this complaint, each of the defendants acted under the color of State and Federal laws.

## IV. FACTUAL BACKGROUNDS OF THE
### CONDITIONS OF CONFINEMENT

8. FCI Danbury was built in 1939 and was designed to house approximately "500" sentenced inmates.

### A. Historical Overcrowding

9. In 1983, FCI Danbury dormitories housing units specifically at issue here were: 5/10, 6/I, 3-10/D (the prison's three open - dormitories), 7/O, 11/A (the open bay portions of two partially - cubicled dormitories), 9/D and 12A (the "flats or rows of nine to twelve beds placed in the corridors of the preferred housing cell block in 9/D and 12/A).

10. In 1984 records show the population at FCI Danbury continued to "increase" and was severely overcrowded, in which the main com- pound held approximately 730 inmates, and the warden then, Michael Heyman was aware of such overcrowding conditions, and continue to increase the inmate population.

11. In 1985 this Court the Honorable Peter C. Dorsey handle a class action case, arising out of the overcrowding conditions at Danbury Federal Correctional Institution ("herein F.C.I. Danbury").

12. Here this court consisted that the overcrowding conditions has created conditions of confinement, violative of the Eighth Amendment to the United States of the Plaintiff's rights.

13. In this case, the conditions of confinement was based upon,
defendants removal of "cubicles" in the dormitories, to create and
install more beds, created the overcrowding and unsanitary conditons
at FCI Danbury. However. this court mooted the case, based upon the
reilance of defendants, that they would reinstall the cubicles back
in all dormitories at FCI Danbury to relieve such overcrowding con-
ditions.

14. Moreover, it was reportedly stated by Danbury FCI Officials,
in 1986, that they can do nothing about the number of prisoners sent
to FCI Danbury by the courts. However, this is incorrect. FCI or BOP's
officials have within their power, a number of means for quickly re-
ducing the prisons population, none of which they have chose to ex-
ercise to the extent of significantly ameliorating the overcrowing
conditions. Here, in 1986, the population at FCI Danbury continued
to increase of an average of 886 of inmates.

         B. Evidence as to FCI Danbury Officials
            Acknowledgement of Conditions at FCI
            Danbury Before and During Plaintiff's
            Periods

15. In 2020 FCI Danbury officials stated in reports that two housing
units of inmates, Units C/A D/A was condemned, The first unit was con-
demed because of serious heating problems. The second unit was con-
demed because of "black mold," "leaking ceiling," "falling lead paint
chips," and "asbestos flooring tiles," that was severly cracked and
damaged.

16. It was further reported that FCI Danbury by officials, that during 2020, they were understaff and and poor medical conditions for inmates, and continue to increase the population that caused more over-crowding conditions.

17. In 2017, court records in this court showed that Warden D. K., William, was being sued for overcrowded and unsanitary conditions, based upon, "black mold" in all shower areas, toxic fumes, rusty contaminated water, including bad air quality in all dormitory including cells, and asbestos at FCI Danbury premises.

18. In 2024 the average population at FCI Danbury continued to increase at present of this Amended Complaint of 1,003 inmates and undisputed that FCI Danbury is "severely overcrowded", and now at or above 100% design capacity, making it impossible to provide adequate medical and mental health services to plaintiff's and other inmates entering FCI Danbury prison system. double bunking in cells and dormitory that never meant for housing inmates with documented disease outbreaks, such as "staff infection", "scabies disease," without plaintiff's and other inmates being notified of such inmates being infected.

19. However, because of FCI Danbury official removal of the cubicles that existed, to add more bedding in dormitories that are now overcrowded in the past, has created dangerous situation for plaintiff's as well as other inmates. The lack of space and privacy in the dormitories has led

to fights among inmates. Plaintiff's and other inmates have become very sick, because disease herein-mentioned has spread easily among the inmates based upon close quarter in the dormitory at FCI Danbury.

### C. Air Quality and Ventilation

20. In 2024 FCI Danbury air quality in all dormitory is unsafe because of the heavy buildup of black mold spores, fiberglass particle and debris in ventilation shafts and vents, has exposed plaintiff's and other inmates to life threating respiratory problems, including shortness of breath and swollen lymph nodes and lung infections according to FCI Danbury medical reports.

### D. Exposure to Human Feces

21. In 2024 Plaintiffs as well as other inmates are subjected and exposed to human feces on a daily basis, because the toilets in all the dormitory and cells at FCI Danbury do not function or flush properly.

22. Plaintiff's would have to use the toilets that have another inmates fecal matters inside the toilet water, because their is no regular maintenance program to guard against waste water buildups, that plaintiff's and other inmates are force to use, due to backups.

23. This has cause plaintiff's numerous bacterial infections, such as rashes on thier buttocks, unrinary trat infection and Escherichia (commonly known as E coli) according to FCI medical reports.

### E. Exposure to Asbestos

24. Plaintiff's as well as other inmates are subjected and exposed to asbestos flooring in all the premises of FCI Danbury, including all dormitory and cells,that have not been removed since 1934, whhen FCI Danbury was built, are now cracked and worn out and present of this complaint, has subject and exposed plaintiff's to have serious respiratory and lung infections and now possibly lung cancer.

25. The warden of this complaint, herein-mentioned is aware of such issued with the asbestos, and have not "abated" the asbestos at present of this complaint.

### F. Exposure to Black Mold

26. Plaintiff's are subjected and exposed to "black mold" that is throughout all showers in dorms and cells at FCI Danbury that is embbeded on shower walls, and ceilings and have been remained "unabated" for years and present of this complaint, and plaintiff's cannot remove such black mold, because plaintiff's do not have the proper equipment or sanitaion products.

27. This have injured plaintiff's with sever foot fugus infection skin rashes including painful skin infections from being subjected to unsanitary shower condition, that the Warden is aware of through complaints from plaintiff's and FCI Danbury staff members.

G. Historial Deliberate Indifference To
   Plaintiff's Medical Needs and Treatment

28. Danbury FCI, a level three medical care facility, has a pattern
and policy of being deliberate indiffrence to plaintiff's and other inmates
medical needs and treatments.

29. In 1996 records show in this court, in Hajotollah Tajeddini
v. Warden, John C. Gluch, in front of the Honorable Warren W. Eginton,
Senior United States district Court Judge, Denied defendants Motion on
Summary Judgment and held that defendants at FCI Danbury medical Facility
was "deliberate Indifference to plaintiff medical needs based upon, that
defendant had full knowledge about the inadequate medical care plaintiff
was receiving and ignored it.

30. In april 2024, records show in this court, denied defendants
12 (b) (6) motion to dismiss and held that defendants Escobar, and
Doctor Greene wre deliberate indifference to plaintiff Yaroslva Churuk
medical needs, when they failed to restore his prescription for "Gabapenti."

31. In June 2024, records show that this court, Honorable Kari A. -
Dooley, United states District Court Judge, held that Defendants and
medical staffs at FCI Danbury were deliberate indifference to plaintiff
Berry nedical needs, when medical staff failed to follow-up and treat
plaintiff Berry "Brugada Syndrome" and let plaintiff Berry to proceed
on Bivens claims against defendants.

H. Deliberate Indifference during
Plaintiff's herein Period

32. Plaintiff's Timonthy Armstrong, Tyrome Breho, Rickey Lynch, and Christopher Keeser, have been and present of this Complaint, deliberate indifference to their medical needs by FCI Danbury staff's and defendant, Doctor Greene.

33. Plaintiff, Timonthy Armstrong had ar sugery that doctor Greene failed to prescribe antibotics to plaintiff, for more than seven months, and failed to follow up or review plaintiff "arm infection", to determine the cause of such pain and infection, which caused plaintiff ars to be so infected, plaintiff possibly might have to have surgery to to remove plaintiff left arm.

34. Despite plaintiff numerous complaint to Doctor Greene, he was aware that plaintiff arm conditions required the care of an outside consultant. Plaintiff still suffer at present of this complaint of continue chronic of pain in arms.

35. Plaintiff Tyrome Brehon has a serious respiratory infection that caused him to have a swollen lymph nodes and lung infection, due to being exposed to asbestos and fiberglass dust at FCI Danbury conditions of confinement and present of this complaint.

36. Defendant Greene and medical staff, after numerious complaint from plaintiff,having chronic chest pain for four (4) months, failed to follow-up treatment of an x ray to determine if plaintiff Brehon

has lung cancer or an infection for over five (5) months and present
of this complaint and medical staff and Greene, knew and were aware that
plaintiff Brehon conditions requires the serious care of an outside
consultant, and defendant failure to do so cause more extreme chronic
pain in plaintiff chest and lungs.

37. Plaintiff Rickey Lynch, suffers from Hip, leg and feet nerve
damaged that have cause extreme chronic pain and infection for over three
months and present of this complaint. Doctor Greene and medical staff
failed to follow up plaintiff medical treatment and complaints have
caused plaintiff swollen legs and feet that is infected.


38. Moreover, Greene prescribed incorrect medication to Plaintiff's
Armstrong, Breho, Lynch and Keeser and was aware of these ineffective
medication which Greene replaced the medication to relieve plaintiff's
pain with an ineffective medication and has ignored plaintiff's complaint
about ineffective medication, and never follow-up such complaint for
over 5 months and present of this complaint.

39. Plaintiff Christopher Keeser, needs hip replacement surgery,
and was schedule for outside medical procedure. Doctor Greene never
schedule any outside procedure plaintiff has learned. Instead he
prescribe plaintiff the wrong medication that decrease plaintiff hip
bone that has cause plaintiff extreme chronic pain in plaintiff hips
for over 6 months and present of this complaint, and no follow-ups were

never done for 6 months which medical reports and records showed
to determine the pain that plaintiff have to go through, and infection
in plaintiff hips after numerous complaint to Greene and medical staff
since august 2024, explaining his pain and hip infections.

37. On Septemebr 4, 2024, plaintiff was schedule again for his
outside provider for surgery, but Greene has not follow up with the
plaintiff schedule, has cause plaintiff more additional pain in his
hips. However, plaintiff is now bed ridden, and partially "paralyzed"
and in additions with bed sores, because plaintiff have a hard time
to address his hygiene, which now cause plaintiff to have infections,
over 89% of his body in addition to respiratory issues.

38. Plaintiff's are suffering from respiratory system, and lungs
infections from being exposed to asbestos and fiberglass particle
dust, from open insulation throughout all dormitory  housing units,
and cell housing units at FCI Danbury.

39. Plaintiff's herein mentioned are also suffering from painful
foot fungus, rashes on buttock and skin, being subjected to Black-Mold
throughout the shower of all dormitory and cells, housing units
that cannot be abated by plaintiff's and Defendant Warden Puzio,
and FCI Danbury Officials are clearly aware of such conditions for
years, and still subeject  plaintiff after numerous complaints,. of such
unsanitary conditions.

## V. EXHAUSTION OF LEGAL REMEDIES

40. Plaintiff's herein-mentioned used the Bop's Administrative Remedy Program.

41. On or about Septemebr 24, 2024, plaintiff's presented the facts relating to this complaint to staff members informally.

42. On September 25, 2024, plaintiff's experience difficulty obtaining administrative B-P8 and BP-9 forms or getting staff at FCI Danbury to accept the forms in relation to this icidents herein mentioned in this complaint.

43. On October 3, 2024, again, plaintiff's try to resolve the issues stated herein, informally with prison staff about the condtions throughout the dormitory and cells in all housing units at FCI Danbury and staff refused to submit plaintiff's BP-8 and B-P-9 forms, and prison staff stated to plaintiff's, "if plaintiff's continue to complain, about conditions at FCI Danbury, all plaintiff's throughout the dormitory and cells housing units would be trasferred before plaintiff's could receive medical treatment that would cause plaintiff's further pain and suffering including mental distress that would delay the treatement of plaintiff's seroius medical needs.

44.However, Exhaustion of these claims would have been a waste of time and fitile because FCI Danbury official's "rubber stamp" the response to inmate's complaint and administrative appeals without considering the grievance contained in the complaint.

## VI. LEGAL  CLAIMS

45. Plaintiif's realleges and incorporate by reference paragraphs 1-22.

46. defendants subjected plaintiff's to unconstitutional conditions of confinement and deliberate indifference to plaintiff's medical needs under the Eighth Amendment to the United States Constitution and caused plaintiff's pain, suffering and physical injury including emotional distress.

47. The Warden, at FCI Danbury, a "Policy making  Official," was aware of the challenged conditions, but failed to remedy them and/or chose to ignore them plausibly states a claim of deliberate indifference to plaintiff's constitutional rights under the Eighth Amendment to the United states Constitution, and moreover maintained policies that allowed the conditions to persist.

48. Plaintiff's has no plain, adequate or complete remedy at law in respect to redress the wrongs described herein. Plaintiff's and 983 other inmates will continue to be irreparably injured by the conduct of the defendants, unless this Honorable court grant the declaratory and injunctive relief which plaintiff's seeks.

## VII. PRAYER FOR RELIEF

49. WHEREFORE, plaintiff's respectfully prays that this Court enter judgement:

50 Granting plaintiff's a declaration that the acts and omission described herein violated plaintiff's rights under the Constitution and laws of the United States, and a preliminary and permanent injuction ordering defendnats Darek Puzion and Robert Greene Jr., to cease their overcrowded and unsanitary conditions, including deliberate indifference to plaintiff's medical needs, in addition to threats for plaintiff's for filing administrative grievance towards the plaintiff's and other similarly situated inmates, and

51. Granting plaintiff's compensatory damages in the amount of $50 million dollars against each defendant, jointly and severally.

52. Plaintiff' seeks these damages against defendants, jointly and severally.

53. Plaintiff's seeks punitive damages in the amount of $20 million dollars and seeks recovery of their cost in this suit, and

54. Plaintiff's seeks a jury trial on all issues triable by jury.

55. Any additional relief this court deems just, proper, and equitable.

Dated November 19, 2024

Respectfully submitted by:

Nah-Fee Hinton_____
#61840-509
FCI Danbury Federal Correctional Institution
33% Pembroke Road
Danbury, CT 06811

Dario George _(signature)_
#61840-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Keyenn Rodgers _(signature)_
#29959-050
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, Ct 06811

Marnell Jihnson _(signature)_
#73519050
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Dartre Booker _(signature)_
#9494-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Rasheed Mingues _(signature)_
335521-510
33½ Pembroke Road
Danbury, CT 06811

Juan Lasanta _(signature)_
#23557-510
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Jonathan King _(signature)_
#55883-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, Ct 06811

Gary Davis _(signature)_
#391157-053
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Dominique Butler _(signature)_
#60944-510
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

IBN Ross
#84640-054
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Timothy Armstrong
#75260-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Deshawn Baugh
#77639-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Jose Matos
#25085-052
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Derick Coulanges
#68351-510
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Tyrome Brehon
#757710-510
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Rickey Lynch
#58810-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Akeem Monsalvatge
#81572-053
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Michael Morris
#10940-002
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

-16-

*Cancelled/ Replaced with Kenneth C Burghardt*

~~Tavares White~~
~~#63080-037~~  Reg # 14760-052
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Pritkumar Patel
#73267-050
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Christophen Keeser
#57414-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Sheldon Berry
#63089-037
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Brian Lockett
#64573-037
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Andrew McLeod
#43035-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Garrett Martin Jr,
#62124-510
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

Da'Jahn Howard
#73402-050
FCI Danbury Federal Correctional Institution
33½ Pebroke Road
Danbury, CT 06811

Jaquon Benejan
#30924-509
FCI Danbury Federal Correctional Institution
33½ Pembroke Road
Danbury, CT 06811

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief, and as to those, I believe them to be true.

I certify under penalty of perjury that the foregoing is true and correct.

**Excuted** at FCI Danbury, CT on Novemebr 19, 2024. Plaintiff's signed above and below.

Respectfully submitted by:

Michasol Mba

Christopher Keener

Nah-Fee HINTON

IDN ROSS

JOSE Matos

Shelton Busy

*[signature crossed out]* T.W. Cancelled

M. Johnson

R. Ross

*[signatures]*

Dajohn Howard

Dario George

Kayena Rodgerso

Darti Booker

Juan Lacanta

Dominique Butlis

Tyrome Brehon

Tanquon Benejan

RETALIATION CLAIM

Plaintiff's seeks to add to this Amended Complaint Pursuant to Rule 15 of the Federal Rule of the Civil Procedure respectyfully a "Retaliation Claim against Warden Puzion to this action.

1. On December 2, 2024, Plaintiff's to this action received from this court, "In Forma Pauperis forms" to be completed by Plaintiff's to this action.

2. Plaintiff's presented the In Forma Pauperis forms to the appropriate "counsel's and caseworkers" who oversee all aspects of the plaintiff's work regarding legal matters, jobs, including inmates trust funds accounts, who needs documents for any purpose regarding leagal matters.

3. Plaintiff's counsel's and caseworkers stated to plaintiff' that they would have to get the forms approved by Defendant, the warden to this action Puzio. However, after staff members at FCI Danbury review the forms, and seen defendant name (i,e, Puzio) in which a civil rights claim against Puzio being made, they contact Puzio to this action, and he told them not to sign plaintiff Certificate of Inmates Accounts Balance forms, in regards to plaintiff's average balance for the past six months.

4. Here,however, one of BOPO official, Mrs. T. Murry, a case manger at FCI Danbury (i.he., an African American Woman) signed one plaintiff Certification of Inmate Account Balance, of Rasheed Mingues

1

and stated to plaintiff Mingues that all of plaintiff's Case
Managers and Counsel's should have done the same, but since the
plaintiff's was suing the warden, the staff members at FCI Danbury
did not want to do their jobs, by signing the plaintiff's In Forma
Pauperis Certification of Inmates Account Balance. (See Exhibit A)

5. Here however, the plaintiff's could only submit what they
have in regards to the past 6 months of statements, because the Warden
threaten  and/or scared his staff members at FCI Danbury, not to sign
the plaintiffs forms.

6. This hinder this court and plaintiff's action to this action
to this civil lawsuit inregards to these unsanitary conditions at
FCI Danbury.

7. Two of plaintiff's members to this action have been place in
administrative segregation ("SHU") without cause, denied proper food
and hygiened for taking part in this suit.

8. Likewise, Plaintiffs was doing only a "Constitutional
right to do, which is called "Protected Conduct", by filling
a Federal Tort Claim Act, under 28 U.S.C. Section 1346, 2671-
2680 respectfully.

9. Defendant Warden Puzio did an "adverse action",
against plaintiffs from Stopping us from Continuing
with Plaintiffs Suit.

10. Puzio Causal Connection was clearly related to Plaintiffs
Protected Conduct, by Stopping plaintiffs from filing a
Certification of Inmate Account Balance, that he ordered
his Staff members Sbr. 2.

# Legal Claims

11. Plaintiff's re-alleges and incorporate by reference Paragraphs 1-10.

12 Defendant Puzio, warden Retaliation against Plaintiff's under the First Amendments rights to the United States Constitution and caused plaintiff's, pain, suffering and physical injury including emotional distress

13. The Warden, Puzio at FCI Danbury was aware of his action, in ordering his staffs members to ignore Plaintiff's Certification of Inmates Accounts Balance forms in regards to Plaintiffs average balance for the past six months was needed for plaintiffs to this Action Violate Plaintiffs First Amendments rights.

Prayer For Relief

14. WHEREFore, Plaintiffs respectfully respectfully Prays that this Court enter Judgment.

18 Granting plaintiff's the acts and Omission described herein Violated plaintiffs rights under the Constitution and laws of the United States.

16 Granting plaintiffs Compensatory damages in the amount of $10, million dollars against Defendant Puzio individually

17. Plaintiffs Seeks Punitive damages in the amount of $ 20,000 million dollars and Seeks recovery of his Cost in this Suit and

18. Any additional relief this Court deems Just proper and equitable

dated: December 2, 2024

Respectfully Submitted by:    All Plaintiffs here mentioned

*[signatures]*

Nahfee Hintin

Chino Loen

Michael Morris

Ibn Ross

M. Johnson

Shelton Berry

Quin George

Takeem Monsataratge

Jaquon Benejan

Keyenn Rodgers

Jose Maton

Dominique Butler

GARY DAVIS

Darrell Martin

Rastreed Mingus

Tyranne Brehan

Jean Lescouflair

5

Exhibit "A"

**U.S. Postal Service**

**CERTIFIED MAIL® RECEIPT**

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Hinton Nan-fee cleup

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage

$

Total Postage and Fees

$

Sent To
United States District C

Street and Apt. No., or PO Box No.
for the District of Connecticut

City, State, ZIP+4®
915 Lafayette Blvd Bridgeport

Postmark
Here
NOV 19 2024

DANBURY CT 06810-9...

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions