# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NAH-FEE HINTON, *et al*., | ) | CASE NO. 3:24-cv-01944 (KAD) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PUZIO, *et al*., | ) | MARCH 4, 2025 |
| Defendants. | ) | |

### Order Denying Motions to Proceed *In Forma Pauperis*
### (ECF NOs. 3–5, 8–10, 14–17, 20, 22, 23, 25, 27, 42, 45, 49, 51, 53, 55, 57, 61, 65, 74, 78, 81, 83, 85, 87, 89, 93, 95, 99, 101, 104)

Kari A. Dooley, United States District Judge:

Before the Court are twenty-one motions for leave to proceed *in forma pauperis* in this lawsuit brought by thirty-eight plaintiffs. For the following reasons, the motions for leave to proceed *in forma pauperis* filed by plaintiffs Alexander Mayer, Rasheed Mingues, Michael Morris, Timothy Armstrong, Deshawn Baugh, Jaquon Benejan, Tyrome Brehon, Kenneth Burghardt, Christopher Castelluzzo, Mahmoud Elhassan, Jermaine Gonsalves, Nah-Fee Hinton, Da'Jahn Howard, Marnell Johnson, Christopher Keeser, Brian Lockett, Jose Matos, Bryan Osborne, Keyenn Rodgers, Scott Velez, and Dominque Butler are **DENIED**.

When a plaintiff files a complaint in federal court, ordinarily he must pay filing and administrative fees totaling $405. *Sullivan v. Harris*, No. 3:24-CV-01578 (KAD), 2024 WL 4819285, at *1 (D. Conn. Nov. 18, 2024) (citing 28 U.S.C. § 1914). District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (explaining that plaintiffs who qualify for *in forma pauperis* status "may commence a civil action without prepaying fees or paying certain expenses").

The decision to permit a plaintiff to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). The *in forma pauperis* statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

After thorough review of the above plaintiffs' motions for leave to proceed *in forma pauperis* and their trust fund account statements, the Court concludes that all twenty-one plaintiffs named above can pay the $405 filing fee without forgoing the necessities of life or abandoning the action. The Court discusses each plaintiff's motion in turn.

1.     *Alexander Mayer*. Mayer's current trust fund account balance is $105. ECF No. 94 at 5. While courts have allowed plaintiffs to proceed *in forma pauperis* when the filing fee exceeds their trust fund account balance, *Ogrinc v. Semple*, No. 3:24-CV-1129 (SRU), 2024 WL 4803467, at *1 (D. Conn. Nov. 15, 2024) (noting that "[w]hen a prisoner's inmate trust account balance is lower than the filing fee, courts often grant leave to proceed IFP."), the Court considers more than a plaintiff's current trust fund account balance in making the *in forma pauperis* determination. *See, e.g.*, *Brenna M. v. Kijakazi*, No. 3:22-CV-00006-SRU, 2022 WL 543048, at *1 (D. Conn. Jan. 4, 2022) (observing that courts consider "not only [a plaintiff's] personal resources, but family resources as well."). Mayer has earned $13,681.46 in wages in the past twelve months. ECF No.

94 at 2. His average monthly salary is therefore $1,140.08, and exceeds his monthly expenses of $443.40, *see id.* at 3, by $696.68. This has resulted in an average monthly balance of $318.84 in his inmate trust account, *id.* at 5, and total cash on hand amounting to $1,337.45. *Id.* at 3.

Despite Mayer's current $105 balance in his trust fund account, Mayer's average monthly wages and cash on hand demonstrate an ability to pay the $405 filing fee without forgoing the necessities of life or abandoning the action. *See*, *e.g.*, *Furst v. Connecticut*, No. 3:23-CV-00569 (KAD), 2023 WL 11852428, at *3 (D. Conn. June 12, 2023) (denying *in forma pauperis* status because plaintiff's monthly income of $1,450 exceeded his monthly expenses by $550); *Hurley v. Ithaca City Sch. Dist. Bd. of Educ.*, No. 20-CV-0328, 2020 WL 1937561, at *2 (N.D.N.Y. Apr. 22, 2020) (denying *in forma pauperis* status noting that "plaintiff indicates that he has $1,117.00 in cash or a checking or savings account"). Accordingly, Mayer's motion to proceed *in forma pauperis*, ECF No. 93, is **DENIED**.

2.     *Rasheed Mingues*. Mingues's current trust fund account balance is $653.33, ECF No. 46 at 1, which is slightly higher than his average monthly balance of $492.78, *id.* at 2, but consistent with his average balance of $685.35 in the past thirty days. *Id.* Even considering his monthly commissary expenditures of $120, *see* ECF No. 45 at 3, the Court concludes that Mingues's current and average trust fund account balance over the past thirty days enables him to pay the $405 filing fee without forgoing the necessities of life or abandoning the action. *See*, *e.g.*, *Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (finding that plaintiff could pay the $402 filing fee when he had $492.70 in his trust account). Accordingly, Mingues's motion to proceed *in forma pauperis*, ECF No. 45, is **DENIED**. And Mingues's first motion to proceed *in forma pauperis*, ECF No. 23, is **DENIED** as moot.

3.     *Michael Morris*. Morris's current trust fund account balance is $2,898.06. ECF No. 54 at 1. Even after subtracting monthly payments to family (totaling, at most, $200 per month) and commissary expenditures totaling $225 per month, ECF No. 53 at 3, Morris's trust fund account records dating back to April 3, 2024, show that his trust account balance has never fallen below $1,900. *See* ECF No. 54 at 1–3. Accordingly, the Court concludes that Morris can pay the $405 filing fee without forgoing the necessities of life or abandoning the action. *See, e.g., Clark*, 2022 WL 960296, at *2. Accordingly, Morris's motion to proceed *in forma pauperis*, ECF No. 53, is **DENIED**. And Morris's first motion to proceed *in forma pauperis*, ECF No. 25, is **DENIED** as moot.

4.     *Timothy Armstrong*. Armstrong's current trust fund account balance is $11.80. ECF No. 86 at 1. But he has received $2,145 in deposits in the last six months, *id.* at 2, which averages out to $357.50 per month. Armstrong spends $145 per month on commissary items, *see* ECF No. 85 at 3, but he does not explain where he spends the other $212.50 per month ($1,275 over the past six months).

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Crispin v. Anderson*, No. 3:21-CV-945 (KAD), 2021 WL 3206850, at *1 (D. Conn. July 19, 2021). "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." *Id.* (quotation omitted). Thus, "when considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson*, No. 3:21-CV-863 (MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021) (cleaned up). "Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds but chose to

use the funds for other purposes before filing a motion to proceed *in forma pauperis*." *Id.* (collecting cases).

While it is unknown where Armstrong's extra $1,275 was spent, his motion and supporting documents show that he had sufficient funds in the past six months to pay the filing fee but chose to spend those funds on something else. This disqualifies Armstrong from proceeding *in forma pauperis*. *See id.* (denying plaintiff's motion to proceed *in forma pauperis* when he had account balance of $132.91 but had received over $500 in gifts and $3,200 in government stimulus payments in the past twelve months); *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1–2 (D. Conn. Nov. 2, 2020) (noting, in denying motion to proceed *in forma pauperis*, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for *in forma pauperis status* before filing complaint). Accordingly, Armstrong's motion for leave to proceed *in forma pauperis*, ECF No. 85, is **DENIED**. And Armstrong's first motion for leave to proceed *in forma pauperis*, ECF No. 3, is **DENIED** as moot.

5.    *Deshawn Baugh*. Baugh's current trust fund account balance is $86.65. ECF No. 96 at 1. But he has received $2,414.50 in deposits in the last six months, *id.* at 2, which averages out to $402.41 per month. Baugh spends $0 per month on commissary items, *see* ECF No. 95 at 3, but he does not explain where he spends $402.41 per month ($2,414.50 over the past six months*). Accordingly, Baugh's motion for leave to proceed *in forma pauperis*, ECF No. 95, is **DENIED**. *See Brown*, 2020 WL 6395480, at *1–2. And Baugh's first motion for leave to proceed *in forma pauperis*, ECF No. 4, is **DENIED** as moot.

6.    *Jaquon Benejan*. Benejan's current trust fund account balance is $14.69. ECF No. 90 at 1. But he has received $1,612 in deposits in the last six months, *id.*, which averages out to

$268.66 per month. Benejan spends $68 per month on commissary items, *see* ECF No. 89 at 3, but he does not explain where he spends the other $200.66 per month ($1,203.96 over the past six months). Accordingly, Benejan's motion for leave to proceed *in forma pauperis*, ECF No. 89, is **DENIED**. *See Brown*, 2020 WL 6395480, at *1–2. And Benejan's first motion for leave to proceed *in forma pauperis*, ECF No. 5, is **DENIED** as moot.

7.    *Tyrome Brehon*. Brehon's current trust fund account balance is $4.00. ECF No. 50 at 1. But he has received $1,863.80 in deposits in the last six months, *see id.* at 2, which averages out to $310.63 per month. Brehon spends $0 per month on commissary items, *see* ECF No. 49 at 3, but he does not explain where he spends $310.63 per month ($1,863.80 over the past six months). Accordingly, Brehon's motion for leave to proceed *in forma pauperis*, ECF No. 49, is **DENIED**. *See Brown*, 2020 WL 6395480, at *1–2. And Brehon's first motion for leave to proceed *in forma pauperis*, ECF No. 8, is **DENIED** as moot.

8.    *Kenneth Burghardt*. Burghardt's current trust fund account balance is $34.73. ECF No. 88 at 2. But he has received $1,508.85 in deposits in the last six months, *id.* at 1, which averages out to $251.48 per month. Burghardt spends $18 per month on commissary items, *see* ECF No. 87 at 3, but he does not explain where he spends the other $233.47 per month ($1,400.85 over the past six months). Accordingly, Burghardt's motion for leave to proceed *in forma pauperis*, ECF No. 87, is **DENIED**. *See Brown*, 2020 WL 6395480, at *1–2. And Burghardt's first motion for leave to proceed *in forma pauperis*, ECF No. 9, is **DENIED** as moot.

9.    *Christopher Castelluzzo*. Castelluzzo's current trust fund account balance is $271.48. ECF No. 102 at 1. But he has received $2,213.13 in deposits in the last six months, *id.*, which averages out to $368.86 per month. Castelluzzo spends $63.42 per month on commissary items, *see* ECF No. 101 at 3, but he does not explain where he spends the other $305.44 per month

($1,832.61 over the past six months). Accordingly, Castelluzzo's motion for leave to proceed *in forma pauperis*, ECF No. 101, is **DENIED**. *See Brown*, 2020 WL 6395480, at *1–2.

        10.    *Mahmoud Elhassan*. Elhassan's current trust fund account balance is $250.54. ECF No. 100 at 1. But he has received $2,050 in deposits in the last six months, *see id.* at 1–2, which averages out to $341.66 per month. Elhassan spends $85.00 per month on commissary items, *see* ECF No. 99 at 3, but he does not explain where he spends the other $256.66 per month ($1,539.96 over the past six months). Accordingly, Elhassan's motion for leave to proceed *in forma pauperis*, ECF No. 99, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2.

        11.    *Jermaine Gonsalves*. Gonsalves's current trust fund account balance is $2.88. ECF No. 75 at 2. But he has received $1,733.99 in deposits (including wages) in the last six months, *see id.* at 2–4, which averages out to $288.99 per month. Gonsalves spends $40.00 per month on commissary items, *see* ECF No. 74 at 3, but he does not explain where he spends the other $248.99 per month ($1,493.94 over the past six months). Accordingly, Gonsalves's motion for leave to proceed *in forma pauperis*, ECF No. 74, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2.

        12.    *Nah-Fee Hinton*. Hinton's current trust fund account balance is $0.35. ECF No. 52 at 1. But he has received $1,033.80 in deposits (including wages) in the last six months, *see id.* at 1–4, which averages out to $172.30 per month. Hinton spends $0 per month on commissary items, *see* ECF No. 51 at 3, but he does not explain where he spends $172.30 per month ($1,033.80 over the past six months). Accordingly, Hinton's motion for leave to proceed *in forma pauperis*, ECF No. 51, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Hinton's first motion for leave to proceed *in forma pauperis*, ECF No. 14, is **DENIED** as moot.

        13.    *Da'Jahn Howard*. Howard's current trust fund account balance is $27.73. ECF No. 84 at 2. But he has received $1,135 in deposits in the last six months, *id.*, which averages out to

$189.16 per month. Howard spends $0 per month on commissary items, *see* ECF No. 83 at 3, but he does not explain where he spends $189.16 per month ($1,135 over the past six months). Accordingly, Howard's motion for leave to proceed *in forma pauperis*, ECF No. 83, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Howard's first motion for leave to proceed *in forma pauperis*, ECF No. 15, is **DENIED** as moot.

14.    *Marnell Johnson*. Johnson's current trust fund account balance is $1.29. ECF No. 43 at 2. But he has received $1,350.10 in deposits (including wages) in the last six months, *see id.* at 1–2, which averages out to $225.01 per month. Johnson spends $0 per month on commissary items, ECF No. 42 at 3, but he does not explain where he spends $225.01 per month ($1,350.10 over the past six months). Accordingly, Johnson's motion for leave to proceed *in forma pauperis*, ECF No. 42, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Johnson's first motion for leave to proceed *in forma pauperis*, ECF No. 16, is **DENIED** as moot.

15.    *Christopher Keeser*. Keeser's current trust fund account balance is $181.62. ECF No. 56 at 1. But he has received $1,450 in deposits in the last six months, *see id.* at 1, which averages out to $241.66 per month. Keeser spends $56 per month on commissary items, *see* ECF No. 55 at 3, but he does not explain where he spends the other $185.66 per month ($1,113.96 over the past six months). Accordingly, Keeser's motion for leave to proceed *in forma pauperis*, ECF No. 55, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Keeser's first motion for leave to proceed *in forma pauperis*, ECF No. 17, is **DENIED** as moot.

16.    *Brian Lockett*. Lockett's current trust fund account balance is $1.67. ECF No. 62 at 2. But he has received $2,067 in deposits in the last six months, *id.*, which averages out to $344.50 per month. Lockett spends $36.50 per month on commissary items, ECF No. 61 at 3, but he does not explain where he spends the other $308 per month ($1,848 over the past six months).

Accordingly, Lockett's motion for leave to proceed *in forma pauperis*, ECF No. 61, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Lockett's first motion for leave to proceed *in forma pauperis*, ECF No. 20, is **DENIED** as moot.

17.    *Jose Matos*. Matos's current trust fund account balance is $30.75. ECF No. 82 at 2. But he has received $2,234.60 in deposits in the last six months, *id.*, which averages out to $372.43 per month. Matos spends $0 per month on commissary items, *see* ECF No. 81 at 3, but he does not explain where he spends $372.43 per month ($2,234.60 over the past six months). Accordingly, Matos's motion for leave to proceed *in forma pauperis*, ECF No. 81, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Matos's first motion for leave to proceed *in forma pauperis*, ECF No. 22, is **DENIED** as moot.

18.    *Bryan Osborne*. Osborne's current trust fund account balance is $39.00. ECF No. 79 at 3. But he has received $1,912 in deposits in the last six months, *id.*, which averages out to $318.66 per month. Osborne spends $0 per month on commissary items, *see* ECF No. 78 at 2, but he does not explain where he spends $318.66 per month ($1,912 over the past six months). Accordingly, Osborne's motion for leave to proceed *in forma pauperis*, ECF No. 78, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2.

19.    *Keyenn Rodgers*. Rodgers's current trust fund account balance is $59.85. ECF No. 58 at 2. But he has received $1,910.60 in deposits in the last six months, *id.*, which averages out to $318.43 per month. Rodgers spends $68.53 per month on commissary items, *see* ECF No. 57 at 3, but he does not explain where he spends the other $249.90 per month ($1,499.40 over the past six months). Accordingly, Rodgers's motion for leave to proceed *in forma pauperis*, ECF No. 57, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Rodgers's first motion for leave to proceed *in forma pauperis*, ECF No. 27, is **DENIED** as moot.

20.    *Scott Velez*. Velez's current trust fund account balance is $250.60. ECF No. 105 at 1. But he has received $1,300 in deposits in the last six months, *id.* at 2, which averages out to $216.66 per month. Velez spends $0 per month on commissary items, *see* ECF No. 104 at 3, but he does not explain where he spends $216.66 per month ($1,300 over the past six months). Accordingly, Velez's motion for leave to proceed *in forma pauperis*, ECF No. 104, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2.

21.    *Dominique Butler*. Butler's current trust fund account balance is $115.57. ECF No. 112 at 1. But he has received $1,409.45 in deposits in the last six months, *id.* at 1–2, which averages out to $234.90 per month. Butler spends $0 per month on commissary items, *see* ECF No. 65 at 3, but he does not explain where he spends $234.90 per month ($1,409.45 over the past six months). Accordingly, Butler's motion for leave to proceed *in forma pauperis*, ECF No. 65, is **DENIED**. *See Brown*, 2022 WL 960296, at *1–2. And Butler's first motion for leave to proceed *in forma pauperis*, ECF No. 10, is **DENIED** as moot.

For the reasons stated above, the motions for leave to proceed *in forma pauperis* filed by plaintiffs Alexander Mayer (ECF No. 93), Rasheed Mingues (ECF Nos. 23, 45), Michael Morris (ECF Nos. 25, 53), Timothy Armstrong (ECF Nos. 3, 85), Deshawn Baugh (ECF Nos. 4, 95), Jaquon Benejan (ECF Nos. 5, 89), Tyrome Brehon (ECF Nos. 8, 49), Kenneth Burghardt (ECF Nos. 9, 87), Christopher Castelluzzo (ECF No. 101), Mahmoud Elhassan (ECF No. 99), Jermaine Gonsalves (ECF No. 74), Nah-Fee Hinton (ECF Nos. 14, 51), Da'Jahn Howard (ECF Nos. 15, 83), Marnell Johnson (ECF Nos. 16, 42), Christopher Keeser (ECF Nos. 17, 55), Brian Lockett (ECF Nos. 20, 61), Jose Matos (ECF Nos. 22, 81), Bryan Osborne (ECF No. 78), Keyenn Rodgers (ECF Nos. 27, 57), Scott Velez (ECF No. 104), and Dominique Butler (ECF Nos. 10, 65) are **DENIED**.

All further proceedings in this matter shall be held in abeyance until **March 31, 2025**, pending these plaintiffs' delivery of the filing fee in the amount of $405 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of March 2025.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE